# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CIVIL ACTION NO. 1:23-CV-00213-GCM

| | |
|---|---|
| BRANDON WAYNE REYNOLDS, | |
| **Plaintiff,** | |
| v. | **ORDER** |
| COMMISIONER OF SOCIAL SECURITY, | |
| **Defendant.** | |

**THIS MATTER** is before the Court upon Plaintiff's Motion for Summary Judgment (Doc. No. 7) and the Commissioner's Motion for Summary Judgment (Doc. No. 9). After carefully reviewing those motions, supporting memoranda, and the pleadings, the Court enters the following findings, conclusions, and Order.

## I.    BACKGROUND

Plaintiff Brandon Wayne Reynolds filed an application for a period of disability and Disability Insurance Benefits in early 2022, alleging a disability onset date of January 1, 2020. Plaintiff suffered a motor bike accident on February 14, 2016, in which he was riding without a helmet and suffered a head injury. (*See* Doc. No. 7 at 1.) He applied for disability insurance based on a traumatic brain injury, bipolar 1 disorder, depression/anxiety, headaches, deafness in right ear, short term memory loss, insomnia, chronic fatigue, blind or low vision, and dizziness/lightheadedness. (Tr. 443, 512.)

Plaintiff's claim was denied both initially and on reconsideration. Subsequently, Plaintiff requested and was granted a hearing before an administrative law judge ("ALJ"). After reviewing the record and conducting a hearing, the ALJ issued a decision which was unfavorable to Plaintiff,

from which Plaintiff appealed to the Appeals Council.  Plaintiff's request for review was denied, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner").  Thereafter, Plaintiff timely filed this action, seeking judicial review of the ALJ's decision.

## II.     STANDARD OF REVIEW

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*. *Smith v. Schwieker*, 795 F.2d 343, 345 (4th Cir. 1986). Instead, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson*, 402 U.S. at 400. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. *Hays*, 907 F.2d at 1456.

## III.     DISCUSSION

Plaintiff raises only one issue on appeal. He assigns error to the ALJ's residual functional capacity ("RFC") determination because he argues that it is not supported by substantial evidence and is the product of legal error since the ALJ improperly evaluated the medical opinions of Patti Sparling, DNP, and Todd Morton, Ph.D.  (Doc. 7 at 5-13.)

Historically, the Social Security Administration observed the "treating physician rule," which afforded evidentiary weight, and on occasion controlling weight, to the opinions of treating medical providers. *See Arakas v. Comm'r*, 983 F.3d 83, 106 (4th Cir. 2020). Under that standard,

the opinion of the treating physician would only be disregarded if there was persuasive contradictory evidence. *See id.* at 107.

The Social Security Administration has recently promulgated new regulations for claims filed on or after March 2017. The Administration does not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a) (2022). Instead, ALJs are required to consider medical opinions according to five factors: supportability, consistency, the relationship with the claimant, specialization, and "other factors." *Id*. § (a), (c).

Supportability and consistency are considered "the most important factors." *Id*. § (b)(2). Supportability focuses on the persuasiveness of the opinion based on the objective medical evidence and the explanations of the medical provider. *See id.* § (c)(1). Consistency refers to the relationship between the opinion at issue and the rest of the evidence of record. *See id.* § (c)(2). Due to the primacy of these two factors, an ALJ must affirmatively "explain how [he or she] considered the supportability and consistency for a medical source's medical opinions or prior administrative medical findings in [the claimant's] determination or decision." *Id*. § (b)(2). By contrast, the ALJ is ordinarily not required to explain how he or she considered the other factors. *See id*. § (b)(2)–(b)(3).

Plaintiff argues that the ALJ failed to explain how he considered the supportability of nurse practitioner Sparling and Dr. Morton. (*See* Doc. No. 7.) The Court agrees. The ALJ analyzes the consistency but fails to address the supportability of these medical providers based on the objective medical evidence and the explanations provided. (*See* Tr. 30.) It is plain that § 404.1520c imposes an articulation requirement on ALJs in reviewing medical opinions. An ALJ must not only

consider the five factors, but *also* explain his or her consideration of the supportability factors. *See*

*Garrett v. Kijakazi*, No. 1:21-cv-00046-GCM, 2022 WL 1651454.

## IV.    ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. No. 7) is **GRANTED**. Defendant's Motion for Summary Judgment (Doc. No. 9) is **DENIED**. The decision of the Commissioner is **REVERSED**, and the matter is **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g). The Clerk is respectfully directed to send copies of this Memorandum and Order to counsel for the parties.

Signed: May 15, 2024

Graham C. Mullen
United States District Judge